# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Curtis Jones, | C.A. No: 3:10-cv-00776-MJP-PJG |
| Plaintiff, | |
| vs. | **CONSENT PROTECTIVE ORDER** |
| Hydro Conduit Corp., d/b/a Rinker Materials Concrete Pipe Division, | |
| Defendants. | |

The parties to this action, by and through their attorneys, stipulate and agree to the entry of the Protective Order set forth below:

1. On February 24, 2010, Curtis Jones filed this action in State Court alleging claims against Hydro Conduit Corp., d/b/a Rinker Materials Concrete Pipe Division. Thereafter, Rinker removed the action to this Court.

2. As a part of this litigation, the Parties have and may continue to exchange in discovery potentially containing confidential trade secret or proprietary information. Access to this information could give actual and potential competitors an unfair competitive advantage.

Pursuant to the foregoing stipulation and Rule 26 of the Federal Rules of Civil Procedure, and good cause appearing as to the parties' concern that certain information sought in discovery and for preparation of the trial of this action may be confidential or proprietary requiring protection,

IT IS HEREBY ORDERED:

1. This Order shall govern and apply to all documents and other discovery materials produced in this action by the parties pursuant to interrogatories, requests for document production, requests for admission, Orders of the Court or agreements among the parties that are properly identified as confidential. It also shall apply to testimony obtained during and documents marked as exhibits or otherwise utilized in depositions in this proceeding that pertain to or inquire into the documents or the subject of the documents to the extent they are properly deemed confidential. (All documents, testimony or other discovery materials are described in paragraph 1 shall be referred to throughout the Order as "Discovery Materials.")

2. No Discovery Materials produced or provided by any party in the course of this proceeding shall be used by any opposing party for any business or competitive purpose or for any purpose whatsoever other than the preparation for and trial of this proceeding.

3. Any party providing Discovery Materials that are claimed to contain or reveal trade secrets, proprietary business information, unpublished financial data, technological developments, pricing or cost information or other similar, commercially sensitive information of a non-public nature, may designate such Discovery Materials or the relevant portion of the Discovery Materials as CONFIDENTIAL. (All such materials, together with copies, abstracts, extracts or summaries of such materials and information or notes derived from or regarding the contents of such materials shall be referred to throughout this Order as "Confidential Material.")

    a. Documentary Confidential Material shall be so designated by being stamped or marked in substantially the following form: "CONFIDENTIAL" (hereinafter referred to as the CONFIDENTIAL Designation.)

2

However, all documents containing any of the name, address, phone number, social security number (or part thereof), income, tax or withholding information of a Hydro Conduit Corp., d/b/a Rinker Materials Concrete Pipe Division employee shall be automatically covered by this Protective Order and be deemed CONFIDENTIAL even without being so stamped.

    b.    Portions of depositions may also contain the CONFIDENTIAL Designation by informing the reporter of that fact. The report shall separately transcribe testimony so designated and shall stamp or mark the face of the transcript accordingly. The transcript of the non-confidential portion shall indicate that testimony in the confidential matters ensued which is separately transcribed. Both the non-confidential and confidential transcripts shall use a single set of continuous numbers so that the continuity of the deposition transcript pagination is maintained.

    c.    In the event a party wishes to use any Confidential Material in any pleading filed with the Court in this litigation or as an exhibit to any pleading filed with the Court, such party shall comply with the requirements set forth in Rule 26 of the Federal Rules of Civil Procedure, including section (D). Any document filed with the Court is presumptively a public document. Therefore, whenever a party seeks to file any document under seal with the Court, that party shall simultaneously file a motion to seal requesting that the Court enter an order permitting the document to remain under seal and a memorandum in support, complying with Rule 26. The parties agree to follow in an expeditious manner any additional procedures imposed by the Court, as a prerequisite to filing any

document under seal. References to information noted with the CONFIDENTIAL Designation in motions, briefs or other pleadings that do not reveal the nature of the confidential information need not be sealed.

4. Except with prior written consent of the party asserting the CONFIDENTIAL Designation, no Confidential Material may be disclosed to any person other than the following (who shall agree to and be subject to the terms of this Protective Order by their signature on this document or a copy thereof):

  a. Parties of record;

  b. Counsel of record for each party, house counsel for corporate parties, their legal associates, their paralegals and their office staff;

  c. Experts and consultants for the purpose of assisting in the preparation of this case or for the purpose of testifying by deposition or at the trial of this matter;

  d. Any court reporter or other person authorized or retained to administer oath and record or transcribe testimony in this action;

  e. Copy services;

  f. Any other person ordered by the Court or agreed to in writing by the parties; and

  g. The Court and any persons employed by or with the Court whose functions require access to said confidential material.

5. Copies of Confidential Material may not be made by, maintained by or put in the possession, custody or control of, any persons other than the following (who shall agree to and

be subject to the terms of this Protective Order by their signature on this documents or a copy thereof):

    a. Counsel of record for each party, house counsel for corporate parties, their legal associates, paralegals and office staff. For purposes of this provision, "office staff" shall include independent copying or duplicating services.

    b. Experts and consultants for the purpose of assisting in the preparation of this case or for the purpose of testifying by deposition or at the trial of this matter.

6. A party objecting to a CONFIDENTIAL designation shall attempt to resolve the disagreement informally with the designating party. If no resolution can be reached, the matter shall be presented to the Court. The party asserting the CONFIDENTIAL Designation as to any discovery materials shall have the burden of justifying that designation. Until the Court rules otherwise, the challenged Discovery Material shall be treated as Confidential Material.

7. The parties are not obligated to challenge the propriety of CONFIDENTIAL designations with which they disagree, and any failure to do so in this proceeding shall not preclude a subsequently challenge.

8. Nothing in the foregoing provisions of this Order shall:

    a. Limit any party in the introduction of Confidential Material into evidence, subject to the designating party's right to seek further protection from the Court;

b. Preclude a party from seeking such additional protection with regard to the confidentiality of Discovery Materials as that party may deem appropriate; nor

c. Prevent a party from objecting to discovery that it believes to be improper, including objection based upon the confidential or propriety nature of the Discovery Material requested.

9. Final termination of this action, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. Upon final termination of this action, and upon the request of the party asserting the CONFIDENTIAL Designation, all Confidential Material and all copies thereof, including such materials in the hands of outside experts or consultants, shall be delivered to counsel of record for the party asserting the CONFIDENTIAL Designation as to such materials. Notwithstanding anything in this paragraph to the contrary, Confidential Material that is incorporated in materials prepared in anticipation of the final hearing of this matter by or for a party's representative, including such party's attorney, expert or consultant, shall be collected and maintained by such party's counsel in accordance with the continuing limitations on use and disclosure imposed by this Order. Notwithstanding anything in this paragraph to the contrary, no party shall be required to turn over to any other party its attorney work product, attorney/client communication, and/or trial strategy materials.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2010
Columbia, South Carolina

WE SO MOVE:

s/ Todd R. Ellis
Todd R. Ellis, Esq.
*Counsel for Plaintiff Curtis Jones*
7825 Broad River Road
Suite 300
Irmo, South Carolina 29063
(803) 732-0123


WE CONSENT:

s/ George A. Reeves, III
George A. Reeves III, Esq.
*Counsel for Defendant Rinker Materials Corp. and Cemex Construction Materials, L.P.*
Post Office Box 11612
Columbia, SC 29211
Telephone number: (803) 255-0000
Email: greeves@laborlawyers.com